UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOWATEI LOMOTEY, : | |
|     PLAINTIFF, : | |
| : | CIVIL ACTION NO. 3:09cv2143(VLB) |
| : | |
| v. : | FEBRUARY 28, 2011 |
| : | |
| STATE OF CONNECTICUT, : | |
| DEPT. OF TRANSPORTATION : | |
|     DEFENDANT. : | |

## ORDER STRIKING PLAINTIFF'S CLASS ACTION ALLEGATIONS

Plaintiff Sowatei Lomotey ("Lomotey") has filed an amended complaint against the State of Connecticut, Department of Transportation ("DOT") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") including allegations of failure to promote and retaliation.

Lomotey originally filed his claim against DOT along with a claim by Rebecca Johnson against the Connecticut Department of Administrative Services, and a claim by Stella Agu against the Connecticut Department of Mental Health and Addiction Services. Defendants then moved to sever the action for misjoinder of parties arguing that the three plaintiffs' claims were factually dissimilar. See [Dkt. #66]. The Court granted Defendants' motion to sever finding that "all three plaintiffs work or worked in different agencies with different management and supervisors responsible for hiring and promotion and each performed different jobs. The only common connection is that all three employers are agencies of the State of Connecticut."  *See* [Dkt. # 68].

**Consequently, Lomotey filed an amended complaint against the DOT consisting solely of the allegations related to his employment with the DOT. In his amended complaint, Lomotey purports to bring suit on "behalf of himself and on behalf of all other black African Americans similarly situated (seeking access and/or promotion to supervisory or management opportunities) and who are subjected to and affected by the racially discriminatory and unlawful employment practices committed by the [DOT]…. [and] on behalf of all other black, African Americans who will in the future apply to the [DOT] for employment or promotion into supervisory or management vacancies." See [Dkt. #73, Amended Compl. at ¶3].**

**Defendant DOT filed a motion for summary judgment in which it also sought to strike the class action allegations. See [Dkt. #98]. Plaintiff's memorandum in opposition to Defendant's motion for summary judgment failed to address this argument in any way. See [Dkt. #108]. Consequently, the Court deems Lomotey's class action claim to be abandoned. See *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.") (*citing Douglas v. Victor Capital Group*, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998) (collecting cases)). In addition to the fact that Lomotey failed to address the arguments Defendant raised on summary judgment with respect to the class action allegations, Lomotey has failed to move for class certification in the over**

two years this case has been pending which bolsters the Court's conclusion that Lomotey has abandoned the class action claim.

Assuming arguendo that Lomotey had moved for class certification and responded to Defendant's arguments in opposition to summary judgment, Lomotey has failed to comply with the requirements of Fed. R. Civ. P. 23 and would not be entitled to class certification.   A litigant seeking to maintain a class action under Title VII must meet Federal Rule of Civil Procedure 23(a)'s specified "prerequisites of numerosity, commonality, typicality, and adequacy of representation."  *General Telephone Co. v. EEOC*, 100 S.Ct. 1698, 1706 (1980). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claim." *Id.* at 2370.  On the record before the Court,, Lomotey has provided no indication whatsoever in his amended complaint regarding the numerosity, commonality, typicality of the class as is required under Rule 23.  Fed. R. Civ. P. 23(a).   Lomotey also arguably fails to meet Rule 23(a)(4)'s adequacy of representation requirement.  Fed. R. Civ. P. 23(a)(4).

    i.    *Lomotey has failed to meet the commonality or typicality requirements*

"The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence". *Attenborough v. Const. and General Bldg. Laborers' Local 79*, 238 F.R.D. 82, 94

(S.D.N.Y. 2006) (citation omitted).  Therefore the Court will consider whether Lomotey has met these requirements "in tandem."  *Id.*

Courts in the Second Circuit have noted that the "threshold issue" in connection with these requirements "is what evidentiary showing is necessary in a pattern-or-practice or disparate impact case to support a finding of commonality or typicality."  *Id.*   In *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982), the Supreme Court addressed this very issue holding that:

> Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact that the individual's claim will be typical of the class claims. For [a plaintiff] to bridge that gap, he must prove much more than the validity of his own claim.

457 U.S. at 157-58.  Although the *Falcon* Court recognized that "[s]ignificant proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion, such as through entirely subjective decisionmaking processes," here, Lomotey's amended complaint includes no more than an unsupported allegation that DOT has a policy of discrimination. *Id.* at 159 n.15.

Following *Falcon*, courts within the Second Circuit have required "that plaintiffs produce some quantum of evidence to satisfy the commonality and typicality requirements, usually in the form of affidavits, statistical evidence, or

both, tending to show the existence of a class of persons affected by a company-wide policy or practice of discrimination." *Attenborough*, 238 F.R.D. at 95 (citations omitted). Lomotey has failed to produce any quantum of evidence to satisfy the commonality and typicality requirements other than his unsubstantiated beliefs and conclusory allegations that this class exists and is numerous. No affidavits or statistical evidence has been made a part of the record before the Court and accordingly Plaintiff has failed to demonstrate there is sufficient commonality and typicality to justify the certification of such a proposed class.

In addition, the Supreme Court has recently emphasized that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury . . . not merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 131 S.Ct. 2550, 2551 (2011). The Supreme Court further elaborated, stating that:

> [E]ven a disparate impact injury gives no cause to believe that all their claims can productively be litigated at once. Their claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Id.*

Lomotey seeks to include claims of both failure to hire and failure to promote, which are factually and legally distinct analyses, and does not allege that the discriminatory practice and bias was on the part of the same supervisor

or group of supervisors and thus fails to demonstrate that the purported class' claims depend upon a common contention.  Relying on this precedent, the Court finds that Lomotey's conclusory allegations regarding DOT's allegedly discriminatory pattern and practice are insufficient to meet Rule 23's standards for certification.

      ii.     *Lomotey has failed to meet the adequacy of representation requirement*

The Second Circuit has instructed that courts should "carefully scrutinize the adequacy of representation in all class actions." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968).  The requirement that "the representative parties will fairly and adequately protect the interests of the class" typically entails a two part inquiry into whether "(1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *In re flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)).  "The focus of the first prong is on uncovering conflict of interests between named parties and the class they seek to represent … a conflict is fundamental when it threatens to become the focus of the litigation and there is a danger that absent class members will suffer if their representation is preoccupied with defenses unique to her." *In re Moody's Corp. Sec. Litig.*, 274 F.R.D. 580, 486 (S.D.N.Y. 2011) (citations omitted).

Here since Lomotey filed a prior lawsuit, *Lomotey v. Connecticut Dept. of Transportation*, Civ. No.3:05-cv-1711(PCD), that is substantially similar to the present suit, Defendants had raised the defense that Lomotey's claims are precluded by the doctrine of res judicata and collateral estoppel.  This defense is unique to Lomotey and does threaten to become a focus of the litigation.  Since Lomotey has filed over five CHRO complaints and one suit in district court on a failure to promote claim these facts and circumstances make his employment experience rather unique and therefore likely dissimilar to potential class members further suggesting he is an inadequate representative.  Lastly, courts have held that "claims of retaliatory treatment, which require proof of highly individualized facts, generally do not present suitable issues for class actions." *Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 652 (E.D.N.Y. 1984) (finding that "particular circumstances of Sheehan's alleged insubordination and subsequent discharge, which would necessarily be the focus of her case at trial, are not typical of the class claims and therefore make her an inadequate representative of the class.").  Accordingly, the particular and unique circumstances of Lomotey's employment with the DOT including his specific claims of retaliation suggest that he is not an adequate representative.

Accordingly, Lomotey has failed to meet Rule 23(a)'s requirements for class certification and the Court grants Defendant's request to strike the class action allegations from the operative complaint.  The action shall therefore proceed with respect to the claims Lomotey brings on behalf of himself.

IT IS SO ORDERED.

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: February 28, 2012**