UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOWATEI LOMOTEY,  :  PLAINTIFF,  : | |
| : | CIVIL ACTION NO. 3:09cv2143(VLB) |
| : | |
| v.  : | FEBRUARY 28, 2012 |
| : | |
| STATE OF CONNECTICUT,  :  DEPT. OF TRANSPORTATION  :  DEFENDANT.  : | |

### ORDER ON MOTION TO CLARIFY THE RECORD

Plaintiff Agu has asked the Court to clarify the record in what appears to be an attempt to demonstrate that Plaintiff should be allowed to file an untimely appeal of the dismissal of her action on June 22, 2011 on the basis of excusable neglect.  *See* [Dkt. #120].   However, Plaintiff's request does not seek a clarification of the record.  Instead Plaintiff seeks the Court to find that Plaintiff could have no reasonable basis to believe that a motion for reconsideration of the Court's order dismissing her case would be considered and that Plaintiff Agu had no legal basis to take action in docket number 9-cv-2143 as a result of the Court granting Defendants' motions to sever.  Since Plaintiff's request does not seek a clarification of the record, the Court denies Plaintiff's motion to clarify the record.

Although the Court believes that the record is sufficiently clear on its own, the Court will provide a description of the Parties' submissions and the Court's rulings which led the Court to order the dismissal of Plaintiff Agu's case pursuant to Fed. R. Civ. P. 37(b) and (d), Fed. R. Civ. P. 41 and Local Rule 7 (a) and the Court's order granting Defendants' motions to sever the action.

On September 3, 2010, Defendant Connecticut Department of Mental Health and Addiction Services issued Interrogatories and Requests for Production to Plaintiff Agu.  On October 4, Plaintiff Agu filed two motions for extension of time until November 3, 2010 to respond to Defendant's discovery requests, which the Court granted.  *See* [Dkt. ## 29, 30, 31].  On November 3, Plaintiff Agu filed another motion for extension of time until December 3, 2010 to respond to Defendant's discovery requests.  [Dkt. #35].  This motion was denied without prejudice to refiling in compliance with Chamber's practices.  [Dkt. #36].  On November 15, 2010, the Plaintiff Agu filed another motion for extension of time until December 13, 2012 to respond to Defendant's discovery requests.  [Dkt. #39].  On December 1, 2010, the Court granted Plaintiff Agu's motion.  [Dkt. #41].  On December 14, 2012, a day after the discovery responses were due, Plaintiff Agu requested another extension of time until January 14, 2011. [Dkt. #43].  On December 29, 2010 the Court again denied the motion without prejudice to refiling in compliance with Chamber's practices.  [Dkt. #45].  Plaintiff Agu did not seek any further extensions of time nor did she respond to Defendant's requests for production which had been outstanding since December 13, 2010.

On March 7, 2011, Defendant filed a motion to compel Plaintiff Agu to respond to Defendant's discovery requests which had been outstanding since December 13, 2010.  [Dkt. #50].  On April 12, 2011, the parties filed a joint motion for extension of time seeking to extend the discovery deadline until June 30, 2011.  [Dkt. #53].  On May 27, 2011, Defendant filed a motion for referral to a magistrate judge for the purpose of resolving discovery disputes.  Defendant

indicated that on March 21, 2011 it had noticed the deposition of Plaintiff Agu for April 20, 2011. [Dkt. #55]. On April 20, 2011, Plainitff Agu's counsel notified Defendant by email that Plaintiff Agu was not available to be deposed. [*Id.*]. On April 20, 2011, Defendant re-noticed the deposition for April 26, 2011 as the discovery deadline was May 1, 2011. [*Id.*]. On April 25, 2011, Plaintiff Agu's counsel informed Defendant that she was unable to contact Plaintiff Agu. Plaintiff Agu had still failed to respond to Defendant's discovery requests at that time. [*Id.*].

On May 31, 2011, the Court granted the parties joint motion to extend the discovery deadline until June 30, 2011 indicating that no further extensions would be granted. [Dkt. #56]. On the same day, Defendant re-noticed Plaintiff Agu's deposition for June 17, 2011. See [Dkt. #70]. On June 3, 2011, the Court granted Defendant's motion to compel and ordered Plaintiff Agu to respond to Defendant's discovery requests by June 17, 2011. [Dkt. #58].

On June 7, the Court denied Defendant's motion for referral to a magistrate judge as the parties had failed to state that there were any substantive issues in dispute warranting referral to a magistrate judge and instead indicated that the issue was that Plaintiff Agu had repeatedly failed to respond to Defendant's discovery requests and repeatedly failed to appear for the noticed depositions. [Dkt. #58]. The Court notes that Chamber's practices specify a process for expedited consideration of a discovery dispute which the parties failed to initiate. The Court instructed the Plaintiff to submit to deposition by June 21, 2011. [*Id.*]. The Court also indicated that it would "consider if dismissal of the case if

warranted under Federal Rule of Civil Procedure 41(b)." [*Id.*].  At no point, did Plaintiff Agu state any cause for her repeated failures to prosecute that were the subject of Defendant's motion to compel and motion for referral to a magistrate judge.

On June 14, 2011, Defendant rescheduled Plaintiff Agu's deposition from June 17, 2011 to June 20, 2011 as Plaintiff Agu's counsel had also scheduled a deposition for Plaintiff Johnson on June 17, 2011.  *See* [Dkt. #70].  On June 16, 2011 Plaintiff Agu's counsel moved the Court to extend the discovery deadline for the purpose of permitting Defendant to conduct her deposition until July 8, 2011. In that motion, Plaintiff's counsel indicated that she had lost contact with Plaintiff Agu and that it was not until June 15, 2011 that "contact was made again with Agu, who expresse[d] her desire to continue with the prosecution of her claims." [Dkt. #64].  In this motion, Plaintiff Agu's counsel essentially disclosed that Agu had for a period of time abandoned the prosecution of her claim without stating the cause for such abandonment or explaining why Plaintiff should now be entitled to proceed with the prosecution of her claim when she had for almost a year failed to respond to Defendant's discovery requests and repeated attempts to take her deposition.

On June 20, 2011, the Court denied Plaintiff Agu's motion to extend the discovery deadline indicating that the Court had previously ordered that Plaintiff Agu submit to deposition by June 21, 2011.  [Dkt. #69].  On June 21, 2011, Defendant moved for sanctions including dismissal against Plaintiff Agu indicating that Plaintiff Agu had provided incomplete discovery response on June

17, 2011 and failed to submit to a deposition by June 21, 2011 as ordered by the Court. [Dkt. #70]. On June 22, 2011, the Court granted Defendant's motion for sanctions and ordered the matter with respect to Plaintiff Stella Agu dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b) and (d), Fed. R. Civ. P. 41 and Local Rule 7 (a). [Dkt. #72].

On April 14, 2010, Defendants moved to sever the action for misjoinder of parties arguing that the three plaintiffs' claims were factually dissimilar. See [Dkt. #13]. The action was originally filed by three different plaintiffs against three different Connecticut state agencies. On June 17, 2011, Defendants filed an additional motion to sever. [Dkt. #66]. On June 20, 2011, the Court granted Defendants' motions to sever concluding that "all three plaintiffs work or worked in different agencies with different management and supervisors responsible for hiring and promotion and each performed different jobs. The only common connection is that all three employers are agencies of the State of Connecticut." See [Dkt. # 68]. The Court instructed the Clerk to create two new actions for the claims brought by Plaintiff Agu and Plaintiff Johnson. [*Id.*].

Therefore, the Court severed the case into three separate actions on June 20, 2011 and then dismissed Plaintiff Agu's case on June 22, 2011. Although the Clerk had been directed on June 20, 2011 to open two dockets for Plaintiff Agu and Plaintiff Johnson's cases, the Clerk had not yet created the two new dockets on June 22, 2011 when Plaintiff Agu's case had been dismissed. Accordingly, since Plaintiff Agu's case had been dismissed on June 22, 2011, the Clerk did not open a new docket for Plaintiff Agu's matter.

Plaintiff Agu never moved the Court for reconsideration of its Order dismissing her case pursuant to Local Rule 7(c). Instead on July 7, 2011, Plaintiff's counsel inexplicably filed on docket 9-cv-2143 an amended complaint on behalf of Plaintiff Agu even though her case had been dismissed by the Court on June 22, 2011. *See* [Dkt. #75]. In response to Plaintiff Agu filing amended complaint after her case had been dismissed, Defendant filed a motion to dismiss Plaintiff Agu's amended complaint. [Dkt. #78]. On February 14, 2012, the Court denied Defendant's motion to dismiss Plaintiff Agu's amended complaint as moot since Plaintiff Agu's case had been dismissed by the Court on June 22, 2011 and indicated that Plaintiff Agu's amended complaint would be considered a nullity with respect to the pending matter in this docket. [Dkt. #117]. At this time, the Court realized that the Clerk had failed to terminate Plaintiff Agu as a Plaintiff in the matter when her case was originally dismissed on June 22, 2011 and therefore directed the Clerk to terminate Plaintiff Agu and enter judgment in favor of Defendant. The Clerk's error in not administratively terminating Plaintiff Agu from the matter on June 22, 2011 when her case was dismissed with prejudice does not mean that a final judgment had not entered against Plaintiff Agu on June 22, 2011 when the Court clearly and unambiguously dismissed Plaintiff Agu's case with prejudice. [Dkt. #72]. The Clerk also did not create a new docket for Plaintiff Agu's case after June 22, 2011 as her case had been dismissed by the Court with prejudice.

The Court's Order on June 22, 2011 dismissing Plaintiff Agu's case with prejudice pursuant to Fed. R. Civ. P. 37(b) and (d), Fed. R. Civ. P. 41 and Local

**Rule 7 (a) was unambiguously a final judgment in connection with Plaintiff Agu's case. Plaintiff's counsel therefore had the opportunity to appeal that judgment within 30 days as required by Federal Rule of Appellate Procedure 4(a)(1). Plaintiff's counsel argues that since Plaintiff Agu's claims remained a part of the docket 9-cv-2143 after the case had been severed and a new docket was never created for Plaintiff Agu's case she believed she had no legal basis to take any further action in the docket of 9-cv-2143. [Dkt. #118]. However, Plaintiff's counsel filed an amended complaint on behalf of Plaintiff Agu in the docket of 9-cv-2143 on July 7, 2011 after the Court granted the motion to sever and dismissed Plaintiff Agu's case on June 20 and June 22, 2011 respectively. Therefore Plaintiff counsel's claim that she believed she could not take action with respect to Plaintiff Agu in docket 9-cv-2143 after the Court granted the motion to sever is disingenuous since she subsequently filed an amended complaint on behalf of Plaintiff Agu in the docket.**

Furthermore, Plaintiff's counsel is only raising this issue in February 2012 which is over seven months after the Court dismissed Plaintiff Agu's case on June 22, 2011 and over six months after Plaintiff Agu's counsel filed Agu's amended complaint in docket 9-cv-2143 on July 7, 2011. Plaintiff has therefore failed to take appropriate steps to protect her own interest. *See Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 57 (2d Cir. 2003) (absent "exceptional circumstances, each party is responsible for knowing the pertinent procedural rules and principles and for taking such steps as are needed to protect its own interests.").

**Accordingly, the Court denies Plaintiff's motion for clarification of the record and notes that the record is sufficiently clear on its own.**

**IT IS SO ORDERED.**

**_____/s/_____**

**Hon. Vanessa L. Bryant
United States District Judge**


**Dated at Hartford, Connecticut: February 28, 2012**